**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-1201C
(Filed: November 3, 2015)

NOT FOR PUBLICATION

**FILED**

**NOV - 3 2015**

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| LEON GREEN BEY, ) | |
| ) | |
| Plaintiff, ) | Pro Se Complaint; Sua Sponte |
| ) | Dismissal for Want of Jurisdiction; |
| v. ) | Sua Sponte Dismissal for Failure to |
| ) | State a Claim; Transfer; 28 U.S.C. § |
| THE UNITED STATES, ) | 1631 |
| ) | |
| Defendant. ) | |

Leon Green Bey, Harrisburg, Pa., pro se.

ORDER

CAMPBELL-SMITH, Chief Judge

Before the court is the complaint of pro se plaintiff Leon Green Bey filed October 14, 2015. Compl., ECF No. 1.[1] Plaintiff claims he is a "Moorish Ambassador" and raises various claims against Chief Judge Christopher C. Conner of the United States District Court of the Middle District of Pennsylvania (Judge Conner). See id. at 1. Judge Conner presides over a pending criminal matter in which plaintiff is a named defendant. See Exs. 1–2, ECF No. 1-1; United States v. Leon Green Bey (Bey), No. 13-cr-210 (M.D. Pa. 2013). On October 23, 2014, Judge Conner dismissed plaintiff's motions to dismiss the indictment and discharge his counsel, finding meritless plaintiff's claims that the

---

[1]   The complaint was captioned by plaintiff as follows: "(Consul/Ambassador) Leon Green Bey of the Living Moorish Nation of North Gate (North America) (pro se) v. United States (Judge Christopher Conner)." Compl. 1, ECF No. 1. The official caption of the case (appearing above) was supplied by the Office of the Clerk of Court in conformance with Rule 10(a) of the Rules of the United States Court of Federal Claims (RCFC), which states that "[t]he title of the complaint must name all the parties . . . with the United States designated as the party defendant." RCFC 10(a).

district court was "without jurisdiction over his person because he is a free Moorish American National." Ex. 2 (Bey, No. 13-cr-210 (M.D. Pa. Oc.t 23, 2014)).

Plaintiff charges Judge Conner with theft of plaintiff's "Moorish identity" and violations of various treaties and "Amendment[s] 1, 4, and 8 of the U.S. Constitution." Id. at 1–2. Plaintiff also raises a breach of contract claim against Judge Conner. Id. at 1. Plaintiff seeks $750,000 in damages and requests that Judge Conner return plaintiff's Moorish identity "to the Moorish nation of North Gate." Id. at 2.

For the following reasons, the court **DISMISSES** plaintiff's complaint.

I.   Legal Standards

The Tucker Act provides for this court's jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012) (emphasis added). A plaintiff must "identify a substantive right for money damages against the United States separate from the Tucker Act itself" for the court to exercise jurisdiction over a claim. Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir. 2004). The substantive source of law allegedly violated must "fairly be interpreted as mandating compensation by the Federal Government.' United States v. Navajo Nation, 556 U.S. 287, 290 (2009) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)).

Complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see Vaizburd v. United States, 384 F.3d 1278, 1285 n.8 (Fed. Cir. 2004) (stating that pleadings drafted by pro se parties "should . . . not be held to the same standard as [pleadings drafted by] parties represented by counsel"). However, the fact that a plaintiff "acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures." Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995). Moreover, pro se plaintiffs must still meet jurisdictional requirements. Kelley v. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for pro se litigants only.").

II.   Discussion

For the reasons set forth below, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(h)(3) and for failure to state claim pursuant to 12(b)(6). The court also finds that a transfer of plaintiff's case to another federal court is not appropriate.

### A.  The Court Does Not Have Jurisdiction Over Most of Plaintiff's Claims

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004); see also Metabolite Labs, Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir. 2004) ("Subject matter jurisdiction is an inquiry that this court must raise sua sponte, even where, as here, neither party has raised this issue."). "In deciding whether there is subject-matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings.'" Folden, 379 F.3d at 1354 (quoting Shearin v. United States, 992 F.2d 1195, 1195–96 (Fed. Cir. 1993)). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Rules of the United States Court of Federal Claims (RCFC) 12(h)(3).

This court may only hear claims properly brought against the United States. 28 U.S.C. § 1491(a)(1); see United States v. Sherwood, 312 U.S. 584, 588 (1941) (stating that the jurisdiction of the Court of Federal claims "is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the court" (internal citation omitted)). Accordingly, this court does not have jurisdiction to hear plaintiff's claims against Judge Conner.

To the extent that plaintiff's claims can be construed as claims against the United States, the court also lacks jurisdiction over most of these claims. Plaintiff's claim that defendant stole his "Moorish identity" sounds in tort, and the court lacks jurisdiction over claims that sound in tort. 28 U.S.C. § 1491(a)(1); see Aldridge v. United States, 67 Fed. Cl. 113, 120 (2005) ("Identity theft is . . . a tort."). With respect to plaintiff's claim that defendant violated various treaties, "[e]xcept as otherwise provided by Act of Congress," the Court of Federal Claims lacks jurisdiction over any claim "against the United States growing out of or dependent upon any treaty entered into with foreign nations." 28 U.S.C. § 15012. And with respect to plaintiff's claim that defendant violated the First, Fourth, and Eighth Amendments, this court lacks jurisdiction to consider claims under these Amendments because they do not mandate the payment of money. See Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment is not a money-mandating provision." (internal quotation marks omitted)); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) (holding that the Court of Federal Claims lacks jurisdiction over Fourth Amendment claims because they are not money-mandating); United States v. Connolly, 716 F.2d 882, 886–87 (Fed. Cir. 1983), ("[T]he first amendment, standing alone, cannot be so interpreted to command the payment of money.").

For the foregoing reasons, most of plaintiff's claim must be dismissed pursuant to RCFC 12(h)(3) for lack of subject matter jurisdiction.

B.   Plaintiff's Has Failed to State a Claim Upon Which Relief Can Be Granted

Rule 12(b)(6) requires that the complaint must state a claim upon which relief can be granted. RCFC 12(b)(6). Dismissal under Rule 12(b)(6) is "appropriate when the facts asserted by the plaintiff do not entitle him to a legal remedy." Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000). When considering dismissing a complaint under Rule 12(b)(6), the court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." Id. A court "may dismiss sua sponte under Rule 12(b)(6), provided that the pleadings sufficiently evince a basis for that action." Anaheim Gardens v. United States, 444 F.3d 1309, 1315 (Fed. Cir. 2006). Sua sponte dismissal under Rule 12(b)(6) is warranted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id.

Here, plaintiff accuses defendant of "breach of contracts" without alleging any facts to support this claim. Compl. 1. Plaintiff does not allege facts supporting the existence of a contract with the United States (or Judge Conner for that matter), let alone facts supporting a breach of said contract. Because plaintiff has no basis for its breach of contract claim, the court dismisses this claim under Rule 12(b)(6).

C.   Transfer of the Case to Another Court Is Not Appropriate

The court now considers whether "it is in the interest of justice" to transfer plaintiff's complaint to another court of the United States under 28 U.S.C. § 1631. See Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374–75 (Fed. Cir. 2005) (stating that the Court of Federal Claims should consider whether transfer is appropriate once the court has determined that it lacks jurisdiction). Section 1631 states in pertinent part:

> Whenever a civil action is filed in a court as defined in section 610 of this title . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed . . . .

28 U.S.C. § 1631; see 28 U.S.C. § 610 (defining courts as "courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade"). "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987); see id. (stating that "[f]rivolous claims include 'spurious and specious arguments'" (quoting Devices for Med., Inc. v. Boehl, 822 F.2d 1062, 1068 (Fed. Cir. 1987)). "A decision to transfer rests within the sound discretion of the transferor court,

4

and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'" Spencer v. United States, 98 Fed. Cl. 349, 359 (2011) (alteration in original) (quoting Faulkner v. United States, 43 Fed. Cl. 54, 56 (1999)).

Because the court can discern no identifiable nonfrivolous cause of action that would potentially have merit in another court, transfer of plaintiff's complaint is not in the interest of justice.

### D.   Plaintiff's Application to Proceed In Forma Pauperis

In addition to his complaint, plaintiff filed a "Motion for Leave to File without Prepaying Fees," ECF No. 3, which the court interprets as an application to proceed in forma pauperis (IFP). "[A]s a seaman, ambassador, and, consul of the living Moorish Nation of the North Gate," plaintiff seeks leave to file his complaint without fees. Id.

On November 2, 2015, plaintiff filed a motion to withdraw his IFP application, and moved "to proceed as a seaman (pursuant to 28 U.S.C. [§] 1916)." ECF No. 5 at 1.[2] Section 1916 provides: "In all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor." 28 U.S.C. § 1916. Plaintiff has neither established that he is a seaman or that his suit is for "wages or salvage or the enforcement of laws enacted for [seamen's] health or safety." Id. Accordingly, the § 1916 exemption from prepaying fees is inapplicable here. The court **GRANTS** plaintiff's motion to withdraw his IFP application, and **DENIES** his motion to proceed as a seaman pursuant to 28 U.S.C. § 1916.

Nevertheless, because plaintiff has failed to state a claim upon which relief can be granted and because the court otherwise lacks jurisdiction over plaintiff's claims, see supra Parts II.A–B, the fee need not be paid for the purpose of filing the instant complaint.

### III.   Conclusion

For the foregoing reasons, the Clerk of Court is directed to **DISMISS** plaintiff's complaint. The Clerk of Court will enter judgment for defendant. No costs.

---

[2]   Plaintiff also requests that the court grant defendant an extension of time to respond to plaintiff's motion. ECF No. 5 at 1–2. Because the court resolves plaintiff's motion sua sponte, the court **DENIES** this request as **MOOT**.

IT IS SO ORDERED.

                                                                      _____
                                                                      PATRICIA E. CAMPBELL-SMITH
                                                                      Chief Judge